## THE CHARLES C. LISTER.

(District Court, S. D. New York. February 21, 1908.)

COLLISION—SUIT IN REM—SEIZURE OF FREIGHT MONEY.

Under admiralty rule 15, freight money due the vessel's owner cannot be seized, nor the cargo held therefor, in an action in rem to recover damages in a collision case.

In Admiralty.

James J. Macklin and La Roy S. Gove, for libellant.
Hyland & Zabriskie, for claimant.

ADAMS, District Judge. This action was brought to recover the damages, said to be $10,000, incident to a collision occurring on the 25th of January, 1908, between the schooner Charles C. Lister, loaded with lumber, and the hawser between the third and the last barge in a tandem tow, the breaking of which set the barges adrift and ultimately caused the loss of one of them, with her cargo of coal. Process was duly issued and thereunder the schooner and the cargo remaining on board when she reached this port were seized The present question is whether the libellant was justified in causing a seizure of the cargo for the purpose of establishing a lien on the freight due at the time of the collision.

The libellant urges that the freight could be properly seized in the action as if it were a part of the tackle &c. of the vessel, while the claimant contends that under the rule governing such matters the vessel alone can be held. The claim of the latter is that the recovery of freight is not allowed in collision cases, where the action to recover is brought in rem, because it is otherwise regulated by a rule of the Supreme Court.

The rule relied upon is as follows:

"15. In all suits for damage by collision, the libellant may proceed against the ship and master, or against the ship alone or against the master or the owner alone in personam."

The rules of the Supreme Court have the force of law and may not be disregarded. Unless, therefore, the seizure of the cargo can be sustained upon the theory of the libellant, it must fail in this matter. I think it is clear that freight is not any part of the vessel as her tackle is. It is an earning of the vessel and ordinarily doubtless belongs to the owner, subject to any expenses necessary to its being earned, but it does not follow therefrom that a party who suffers from improper navigation on the vessel's part can maintain a lien upon the net freight. The language of the rule seems to preclude the recovery of collision damages by a resort to the freight in an in rem action. Of course this view does not prevent recourse to the proper action in such a case but it is merely intended to follow the language of the rule. Where it is designed that the freight may be proceeded against, the rules so provide. For example, in suits by material men for supplies, repairs or other necessaries, the rule (12) contains a provision that the libellant may proceed against the ship and freight in rem; also in mariners' wages cases (13) he may proceed against the ship and freight, but such provision is absent from the rule now under consideration and it seems to have been the intention that an action in rem in connection with the vessel should not lie.

The respondent's motion that the seizure of the cargo so far as it affects the freight moneys due thereon be vacated and set aside is granted.